Thank you for giving us this opportunity, judges. I appreciate it. I'm Allison Corey and I'm here on behalf of Zeph Pitt. To recap in two sentences, the factual basis for the offense, the conviction, Mr. Pitt's father died. Mr. Pitt, who was a previously convicted felon, went to Florida to clean his father's house out and bring the belongings back to Massachusetts. Included in those belongings were firearms. And I'm sure you know that. My feeling is, as far as felon and possession cases go, this is a lesser evil kind of one. But it is nonetheless the conviction that we're here on. I'd like to start with the First Step Act and its application to this case. The First Step Act recognized the inherent unfairness to using very, very old nonviolent drug offenses to enhance current penalties. And that's what we have in this case. Under the ACCA, one of the predicates used to enhance his sentence was a now 25-year-old nonviolent drug offense. So the First Step Act, it changed all that. It says you can't use a more than 15 years ago. It's just not so relevant for enhancing somebody's sentence. And that's what we have. Mr. Pitt's sentence was 25 years ago. And I would add that although the First Step Act is not because it's a positive change in the law that was enacted while his case was on direct appeal. So it's a non-final conviction at this point, new law. This is a collateral review. And I'd ask the court to give Mr. Pitt a chance to speak to the ACCA. I did argue that the Massachusetts statute, which was used to enhance a sentence, is overbroad. And it's overbroad because it includes conduct that's not prohibited by federal law, specifically dispensing. Dispensing is distinct from distributing. And as the argument goes, because the Massachusetts statute includes means of violating the statute that are not included in the federal statute, it's not in the brief, the government's brief, and the reply brief. And just what I want to say at this point, besides everything else I've said, is that that word dispensing, that's important. It's not that the federal law never thought about that possibility. It's just that it didn't include it. And it didn't intend to include it. And we know this because that word dispensing is included elsewhere in the sentencing guidelines. Another reason why this case should be remanded is that there was a fatal omission in the plea colloquy. And I want to say that. In this case, maybe it was a slip of the tongue, but it was said to the defendant that he was facing merely the possibility of a 15-year sentence. The possibility of a 15-year sentence. When, in fact, that was a mandatory minimum. Now, the government would say, well, you know, the rest of the colloquy was good. The plea agreement spelled out 15 years. And that's true. The rest of the colloquy was okay. And the plea agreement did spell out 15 years. But the plea agreement is not a rule that the mandatory sentence would apply. I mean, sometimes probation has to take time to establish the record of the individual. And only then would it become clear that it's no longer a possibility that it would be a mandatory sentence. True. Wasn't that, was that perhaps where we were at the time that the plea was entered? That it was not yet, it was a possibility but not yet determined that the mandatory sentence would apply? That was the government's argument on the red brief. And to that I say that it's similar to a case where the drug quantity has not yet been determined. So until the PSR is completed, we don't know what the drug quantity is. It could trigger a higher sentence. And I believe, Judge, it was one of your cases, Castro-Gomez, who says certainty is unnecessary. It is enough that we find that this information could have affected the decision to plead guilty. So I think there are many cases when you can't, until the PSR is complete, we won't know. I'm sorry, are you suggesting a rule that no guilty plea can be taken until the PSR is completed, where there is the possibility that what the PSR does is resolve the issue of either drug quantity or mandatory minimum? That's the rule you're arguing for? No, no, Judge, that's not what I'm saying. It could be dealt with in the plea colloquy itself. So the plea colloquy has to say, now mind you, all of this will be subject to what the PSR eventually concludes. And that absent that, a plea colloquy leaves open the possibility that he might not have entered the plea? It's not that broad, Judge. The problem is that in this case, there was a mandatory minimum, 15 years. But as Judge Lopez just pointed out, the PSR hadn't been completed yet, and there was lack of certainty, and hence there's a perfectly defensible use of the word possible. Respectfully, I disagree. I think that the word possible... Misled your client. Yes. It was misleading. It was misleading. It wasn't a possibility. It was a fact. But this particular claim, counsel, this claim was not preserved, so we're on plain error review. You agree? Yes. And the plea agreement itself says that there's a mandatory 15-year minimum. Case law says that plea agreement, even if accurate in that regard, is no substitute for a proper Rule 11. And the judge said there's a possibility of a mandatory 15-year minimum. Yes. Yes. And just, there is case law that says when the drug quantity exceeds, you know, kicks the defendant into a higher sentence, and that wasn't made known to the defendant at the time of plea, that that affects the decision. It was important to the defendant that I include in his briefs the basis of ineffective assistance of counsel. Now, I understand the record is not complete for this court to be able to address that claim, but it was very important to him. So I did raise it in the briefs, knowing the court is not likely to entertain it. I have one minute. Without getting into any specifics, I do want to raise the issue of the contract between the government and the defendant. The documents, I think we can all agree, are contracts, contractual in nature. And without getting into too many specifics, I'm just asking for judicial review of those contracts. In any other context, if one party to a contract could induce another to enter into a contract, accept consideration, then later claim, oh, that consideration is just not valuable, refuse to perform, not even allege breach, in that party would have the sole discretion to decide whether or not there was performance. In any other context, that would be unconscionable. Contractual disputes must be subject to judicial review. The one-sidedness is so inherently unfair, and I directed Your Honor to two really interesting articles on this. I guess I'd like to ask the court, I mean, is there something specific? I think this case, there's just, there's a whole multitude of problems. Counsel, can I, I would like to ask you about something that you say in your brief. This is about a breach of the plea agreement. You say that when the government learned about the filing, that is an attempt to vacate an old state court conviction, when the government learned about that, it claimed that the defendant had breached the plea agreement. You don't, there's no record citation for that. It's a representation that you make, and it is repeated later. So what, and I might, you do attach some importance to that. Where does that come, where does that come from? It comes from many, it comes from prior counsels, it comes from prior counsel. When the defendant, and this is why we need an evidentiary hearing, to get the record. But when the defendant sought to reverse that old 25-year-old conviction, the government told prior counsel, oh, that's a breach. You're going to go in, the deal had been 15 years, the ACCA 15 years, not life. You're going to go in without a plea agreement, and you could get life. And then prior counsel, they changed, and then another one came on board, and another one came on board. But I even heard it. I mean, it's just, it needs to be in the record. But that did happen, and I know it's not there now. No affidavit was ever submitted from prior counsel that this representation had been made? No, at the, I did attend the sentencing hearing specifically to try and preserve the issue and make a proffer as to what we would show. And I did include that, that we would have shown that they said he breached how, you know, I want to know how. No affidavit was submitted. But the, I know the record, it could be developed, and I'm asking this court to give us the opportunity to develop that record. Thank you. Thank you. Perfect timing. Good morning, Your Honors. May it please the Court. Alexia DiMincentis on behalf of the United States. On the last point, I would just mention that defense counsel was given the opportunity below to make a record. The district court allowed her to make a proffer regarding what an evidentiary hearing would show, and notably this information is absent from that proffer. And on this point, I will otherwise refer to the government's sealed brief in response to the defendant's argument. Excuse me, when you say it's absent from the proffer, I don't think that's, there was no affidavit, but this, what I just quoted from the brief is, I believe, reflected in the proffer that was made at the invitation of the judge. This very assertion is repeated before the judge. I believe the assertion that is stated is that if they say he breached, then we want to know why he breached, and then the sentence continues from there. There was never any suggestion as to on what basis the government was suggesting, allegedly, any sort of breach, and that's the point that I'm highlighting as what could have been offered below when given the opportunity to be offered. I think counsel, again, had the opportunity and failed to take advantage of it. Unless there are any other questions on this topic, given the open nature of the proceedings, I will move forward and address the other arguments made here today. With respect to the knowing nature of the plea colloquy and the defendant's argument that the district court failed to adequately inform him of the mandatory minimum sentence here, I just don't think there's any reasonable reading of the record that supports that claim. In the course of the plea colloquy, the district court referred the defendant to the very portions of the plea agreement in which the mandatory minimum sentence was set forth, and in which it specifically stated that although the ultimate sentence was in the discretion of the district court, that was subject to the applicable mandatory minimum sentence. Judge Lynch, I think you referred to the perfectly defensible use of the word possible here, and I think that's exactly right, given that the information that would be necessary to determine whether the defendant's prior convictions qualified as ACCA predicates wasn't at that juncture before the district court. As to the defendant's arguments regarding the First Step Act, not only is the Act not retroactive, except in narrow circumstances not applicable here, it also has no application whatsoever to what qualifies as a predicate under the ACCA. What the First Step Act amends are the convictions that would qualify for purposes of 841. And I understand the defendant's argument that perhaps that is unfair, but that is an argument for Congress and not this court. Now, finally, turning to the ACCA claim, we are here on plain-air review. Insofar as it concerns the alleged over-breath of the Massachusetts Drug Statute, the defendant did not make this objection below, and it's therefore incumbent upon him on appeal to show both that the statute is clearly and obviously over-broad, and that it is clearly and more obviously indivisible. And I don't think that the defendant here has carried either of those burdens. With respect to over-breath, he has argued in his opening brief and reply briefing again here today that dispensing and distributing mean different things under Massachusetts law. The relevant question, though, is whether dispensing, as that term is defined under Massachusetts law, encompasses conduct that does not fall within the definition of serious drug offense under the ACCA. And that is a question that the defendant hasn't answered, and I would submit that the Brown case effectively resolves here, at least insofar as plain-air review is concerned. I'm happy to get into the specifics of that claim, but given the rather cursory analysis by the defendant, we are content to rest on our briefs on that point. I would also note that there has been very little to no argument whatsoever as to the divisibility of the statute. As noted in the government's brief, the defendant's argument that the statute is indivisible is essentially limited to saying so, and the response to the government's waiver argument in the reply brief is to, again, emphasize that dispensing and distributing mean two different things. But all words in a statute presumably, presumptively, mean two different things, and so that's really no answer to the question of whether the various methods listed are means or elements. Unless there are any further questions, the government would rest on its briefs. No further questions. Thank you both.